## MATTIE BEARDSLEY v. S. M. THOMAS.

### Decided February 14, 1903.

**1.—Guardian—Order Appointing—Presumption of Notice.**

Where there was a judgment of a court appointing a third party as guardian. for certain minor children, it must be presumed, in the absence of a contrary showing, that the mother of the children had notice of the proceedings, as without such notice the court would not have had jurisdiction to appoint the guardian.

**2.—Same—Conclusiveness of Order.**

Where a United States court in the Indian Territory appointed a guardian for certain children, and the guardian, after his removal to Texas, made application for reappointment here, the original order of appointment was conclusive on the mother, who was a party to that proceeding, as to her own unfitness, and as to the fitness of the guardian so appointed.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*J. P. Cox* and *Galloway & Heflin,* for appellant.

*F. B. Dillard,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—S. M. Thomas filed application in the County Court of Grayson County, Texas, to be appointed guardian of the persons of certain minors. Mrs. Mattie Beardsley, mother of the said minors, contested the application and set up her rights as natural guardian, the father of the minors being dead. In bar of her said rights the applicant pleaded that in April, 1899, he was appointed guardian of the persons of said infants by the United States District Court for the Southern District of the Indian Territory; that he and the minors and the contestant then resided in that jurisdiction; that he was duly qualified under said appointment, and afterwards removed to Texas; that he brought his wards with him in order that they might be near their grandparents, who resided in Grayson County, and who were able and willing to assist him in raising and educating them. A copy of his application for said appointment was attached as an exhibit to the plea, and it appears therefrom that the appointment was sought on the ground that the contestant here was not, for certain reasons stated, a proper person to have the custody of the said minors. The contestant moved to strike out the plea in bar because the facts therein alleged were immaterial and irrelevant. The motion was overruled. The cause had reached the District Court on an appeal from the County Court, and a trial before the district judge resulted in an order appointing the applicant. The contestant has appealed from the said order.

The first assignment of error complains of the action of the court in overruling the motion to strike out the plea in bar. In the same connection, it is urged under another assignment that the court erred

in permitting the applicant to introduce in evidence, over the objection of the contestant, the judgment of the United States court appointing him guardian of the said minors. The remaining assignments complain of the exclusion of testimony offered by the contestant. It appears that she offered testimony tending to show that it was not true as charged in the application for the original appointment, that she was unfit to have the custody of her children, and that the applicant himself was not, at the time he was first appointed, a proper person to have the guardianship. The testimony was excluded on the ground that the unfitness of the contestant and the fitness of the applicant was determined by the judgment of the United States court. All of the assignments will be considered together, as they raise but a single question, namely, whether the said judgment is conclusive upon the contestant.

There is no statement of facts in the record. We will assume, in support of the judgment of the trial court, that it was shown that the United States court had jurisdiction of the proceedings filed therein, and of the parties thereto; that the application of Thomas to be appointed guardian was proved as alleged, and that the judgment was in due form and was regularly obtained. The application put in issue Mrs. Beardsley's rights as natural guardian. Thomas could not secure the appointment without showing that she was unfit to have the custody of the children, and it was necessary for her to have notice of the application. Woener on Guardianship, pp. 90, 95. Without such application and notice, the court had not authority to declare her unfit and take from her the custody of her children. In the absence of a statement of facts, we must assume that on the trial hereof it was shown that she had legal notice of the first proceeding. She was, therefore, a party to that proceeding, and was bound by the judgment entered therein. She could not question the validity of the judgment, or set up her rights as natural guardian against it. The courts of this State will not retry the matters in controversy between the parties which were settled by the judgment rendered in the first contest. Am. and Eng. Enc. of Law, 2 ed., 1022. Our conclusion is that the record before us does not show that the trial court erred in refusing to go behind the judgment of the United States court, and in holding that the said judgment was binding on the contestant.

We do not desire to be understood as holding that the judgment of the Federal court was conclusive upon the minors, and that our State courts would be precluded by it from appointing as their guardian some one other than Thomas, if their interests required such appointment. There is nothing in the record to indicate that the interests of the minors will be adversely affected by the appointment made, and, in the absence of a statement of facts, we will assume that the evidence justified the selection of the applicant as a fit and proper person for the office.

The judgment is affirmed.

*Affirmed.*